**WIGHT et al. v. MORGAN.   (No. 2225.)**

(Court of Civil Appeals of Texas. Texarkana.
Feb. 25, 1920. Rehearing Denied
April 8, 1920.)

**I. Master and servant ⊷180(1)—Federal act abolishes fellow-servant doctrine.**

The federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) abolished the common-law doctrine of fellow servants.

**2. Master and servant ⊷287(3)—Negligence of coservants of interstate carrier held for jury.**

In an action by a foreman engaged in interstate commerce for injuries suffered when a loose roof fell from the top of a car being righted by a wrecking crew, whether the engineer of the crane started to pull the car over without waiting for the proper signals from plaintiff, and whether it was the duty of the crew to remove the loose roof or to notify plaintiff that it was loose, *held* for the jury.

**3. Master and servant ⊷238(2)—Servant not negligent in obeying order of injured foreman.**

An engineer on a wrecking car who started engine operating a crane to pull upright a wrecked box car upon signal by plaintiff foreman could not be guilty of negligence toward plaintiff, who was injured by a loose roof falling off the car, for he was doing the very act that the foreman directed him to do.

**4. Master and servant ⊷180(5) — Railroad wrecking foreman held injured by negligence of workmen in not notifying him of danger and not by negligent superintendence.**

Where it was the duty of plaintiff wrecking foreman to order his crew to attach a cable to a box car, and it was the duty of men under him when they saw a loose roof to report it to him or remove it before a box car was raised by the cable, then the failure of the crew, either to perform the detail of removing the loose roof or else report that fact to the foreman, was an act or omission indicating a breach of duty of the servants and not a negligent exercise of superintendence by the foreman; and, where the foreman was injured by a loose roof falling off a box car being uprighted, by reason of such breach of duty he could recover damages under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665).

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by Henry Morgan against Pearl Wight, receiver, etc. Judgment for plaintiff, and defendant appeals. Affirmed.

The suit is for damages for personal injuries occasioned through alleged negligence. There was a trial before a jury, and a verdict was returned in favor of the plaintiff.

The evidence shows that the appellee was the foreman of a wrecking crew composed of six men, who used a wrecker in clearing away wrecks upon the railway line. The machinery of the wrecker was placed upon and fitted to an ordinary flat car with an engine on it and a large sloping beam or crane through which a cable runs for lifting cars. The cable is wound back on a drum. On October 24, 1917, a freight train was derailed near Hawkins, and the appellee with his crew went with the wrecker to the place of derailment. About 300 feet of track was torn up, and several box cars were badly wrecked. The first thing done was to build a side track around the derailed cars on the north side of the main line. The wrecking outfit from Ft. Worth also came to the place of the wreck to aid in clearing it up. It appears that a certain box car off the track was lying on its side on the north side of the main line and on the south side of the newly made side track. The appellee gave general orders to Hickman, Kemp, Milburn, and Back, of the crew, to put the turntables on this box car for the purpose of turning it over right side up. The derrick engine on the side track was between 20 and 30 feet from the car. The cable went from the derrick engine, over the south side of the car, then under, fastening to the rod underneath the car. The engineer on the derrick was charged with the duty simply of operating the engine upon receiving signals from the foreman. When the derrick engine pulled on the cable the box car was turned over to the northward, and at that time the appellee stood some 16 feet north of the car that was being turned over. When the box car was turned over right side up it appears that the loose roof of another wrecked car lying on it slid off the top and fell on appellee, permanently injuring him. The loose roof that slipped off the box car was 9 feet wide by 20 feet long. The appellee testified that the derrick engine pulled on the cable, and turned the box car over without his giving the signal for the engineer to do so, and without his knowing that the engineer was to do so at that time. The engineer operating the derrick, and Mr. Yates of the crew, testified that appellee did give the signal before the engine began to pull on the cable. The appellee testified that he had gone to the west of the car being turned over, in order to see that the crew of the Ft. Worth derrick were in a safe position from injury before turning the car over, and was returning in order to give the signal to the engineer of his derrick outfit to pull on the cable. It appears that early in the forenoon the appellee had seen a portion of the loose roof lying on the box car to be moved. The members of the crew directed to hitch the cable around and onto the car could, without doubt, readily see, it appears, the hanging loose roof; but these men did not remove it, nor did they notify the appellee that it was not removed. The appellee testified that in a wreck of large

proportions it was impossible for the foreman to know about all the details of the wreck and how to properly perform each detail necessary in clearing up the wreck, and that the members of the crew detailed and assigned by him to do this work were charged with the duty of attending to the details and making it safe for all members of the crew and others connected with the work. It was agreed that at the time of the injury the appellee was engaged in interstate commerce within the meaning of the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665).

The negligence alleged was that the engineer in charge of the derrick pulled on the cable without waiting for the order or signal of the appellee to do so, and that the members of the crew detailed to tie the cable around the box car failed to tie or remove the loose roof hanging on the box car, and failed to give the appellee notice that the loose roof was on the car at the time it was to be turned over. The appellant pleaded a general denial. The evidence sustains a finding by the jury as to negligence pleaded and as to the amount of the verdict.

F. H. Prendergast, of Marshall, for appellant.

J. H. T. Bibb, of Marshall, for appellee.

LEVY J. (after stating the facts as above). [1, 2] The court did not err in refusing to peremptorily instruct a verdict against the appellee. The federal Liability Act abolished the common-law doctrine of fellow servants. Railway Co. v. Skaggs, 240 U. S. 66, 36 Sup. Ct. 249, 60 L. Ed. 528; Railway Co. v. De Atley, 241 U. S. 310, 36 Sup. Ct. 564, 60 L. Ed. 1016. And if the appellee's injuries were the result of negligence on the part of the engineer in starting to pull the car over without waiting for the signal from the appellee to do so, or of negligence of the crew in failing to remove the loose roof, as was their duty in the evidence, or to notify appellee that they had not removed it, then appellee would not be precluded from recovery. This was an issue of fact for the jury.

[3, 4] Error is predicated upon the seventh paragraph of the court's charge, which reads as follows:

"If the jury shall believe from a preponderance of the evidence that the servants of the defendant in the exercise of ordinary care should have known of the loose roof upon the wrecked car that was being placed upon the track, and that in the exercise of ordinary care they failed to remove the same or failed to tie it so that it would not slide off the car, or if the jury shall believe that the servants of the defendant moved said car without orders from plaintiff, and shall further believe that such act or acts was negligence, and that such negligence, if any, was the proximate cause of the injury, then it will be your duty to find for the plaintiff; otherwise you will find for the defendant."

The engineer operating the engine of the derrick had nothing to do with adjusting or tying the cable onto the box car; and if he, not being a fellow servant, had orders or signals from the appellee to operate the engine that wound up the cable, he would not be guilty of negligence towards the appellee, though the loose roof was on the box car. For he would be doing the act that the foreman actually directed him to do. But if the engineer prematurely started the engine, without signal or order from the foreman to do so, the starting of the engine under such circumstances may be a negligent act. This, as seen from the charge, was submitted as a separate ground for liability. And in respect to the other ground for liability the plaintiff testified:

"I should say it was the duty of every man who works on a derrick outfit, if a man sees anything likely to hurt a man, either to remove it or report it to the foreman. This car with the roof on, it could have been seen. None of the workmen gave me any information about the roof being hitched onto this car. * * * It was the duty of the men under the wrecking foreman, when they see anything that way, to report it or remove it."

The witness Yates, a member of the crew, testified:

"If I would see a loose roof hanging on a car I would think it was my duty to notify Mr. Morgan to remove the roof. I should think it was the duty of the men to see those things and know the existence of danger as much as the foreman."

If it were true, as testified by appellee, that it was his general duty as wrecking foreman to order the crew to attach the cable to the box car, but "the duty of the men under the wrecking foreman, when they see anything that way, to report it or remove it," then the failure either to perform the detail of removing the loose roof or else report the fact that they had not removed it to the foreman was an act, or omission, indicating a breach of duty of the servant himself and not a negligent exercise of superintendence by the foreman. To bar the foreman of any recovery the particular act of alleged negligence would have to be the negligence of superintendence on the part of the foreman, and not the particular negligent act of a subordinate. Consequently, in view of the evidence, the court's charge was not error in predicating negligence or not in failure on the part of the members of the particular crew in failing to remove, as their duty required, the loose roof from the car being righted up. The second assignment is overruled.

It was not error, it is thought, to refuse the special charge complained of in the sixth assignment. It authorized a verdict for the plaintiff, notwithstanding the members of the crew tying the cable were negligent in not removing the loose roof from the car.

We have considered all the assignments, and conclude that reversible error is not presented.

The judgment, we think, should be affirmed, and it is accordingly so ordered.