Jones, J.
 

 Counsel for plaintiff in error urge that upon the face of the record, not only should the judgments below be reversed, but final judgment should be awarded by this court in favor of the railway company. They base their contention upon the ground that under the testimony the doctrine of comparative negligence cannot be here invoked, for the reason that, as they view it, plaintiff’s negligence was the sole and not a contributing cause of the injury. They rely for reversal upon the following federal authorities:
 
 Great Northern Ry. Co.
 
 v.
 
 Wiles, Admr.,
 
 240 U. S., 444, 36 S. Ct., 406, 60 L. Ed., 732;
 
 Frese, Admx.,
 
 v.
 
 C., B. & Q. Rd. Co.,
 
 263 U. S., 1, 44 S. Ct., 1, 68 L. Ed., 131, and
 
 Davis, Agent,
 
 v.
 
 Kennedy, Admx.,
 
 266 U. S., 147, 45 Sup. Ct., 33, 69 L. Ed., 212. Whether these decisions are apropos will be later discussed.
 

 One outstanding fact appears in this record; that is, that the flagman of the standing train violated one of the explicit rules of the company in failing to protect either the standing train or the approaching train by going back “with stop signals a sufficient distance to insure full protection.” Had he gone back, as required by the rule, he could not have returned to his standing train without placing two torpedoes on the rail, when conditions so required. There is therefore no doubt that the defendant company was negligent in this respect, and this is substantially conceded by counsel in the case. The jury might well have found that the collision would not have occurred had the rule for the pro
 
 *163
 
 tection of Ms train been complied with by the flagman, and that the defendant was negligent in the violation of its duty in that respect. Under such circumstances, had the actions of plaintiff, the engineer in charge of the approaching train, been free from negligence, plaintiff would have been entitled to full recovery, without deduction of damages under the federal statute, which diminishes damages in proportion to the amount of negligence attributable to the injured employe.
 

 The testimony of the plaintiff discloses an attempt to excuse his neglect of duty in failing to keep a proper lookout on the ground that certain engine equipment within his cab required his attention. The testimony offered by the defendant, by way of actual experiments, tends to support its claim that the standing caboose would be visible to an engineer leaning out of his cab, for a distance of some 50 or 60 car lengths from the caboose, and until the approaching engine was within 6 or 8 car lengths thereof, when only its extreme top would be visible because of a slight curve at that point. The engineer testified that his own train was traveling about 12 miles an hour at the time of the collision.
 

 While the plaintiff attempted to free himself entirely from any degree of negligence, the jury may have believed him guilty of some negligence contributing to his own injury. Although the engineer knew that trains were accustomed to stop at watering stations such as this, he was in some measure justified by the fact that the first section of the train had a start of an hour or more on his section. Furthermore, he may have taken into consideration
 
 *164
 
 the rule of the company requiring a flagman to be sent back from the standing train. But, giving credit to all the railway company claimed for the evidence produced on the trial, the most that can be said of it is, not that plaintiff’s negligence was the sole cause of the injury, but that the contributing negligence of the engineer and the concurring negligence of the flagman of' the standing- train proximately caused the collision of the two trains.
 

 The trial court charged the jury that if they fortnd that plaintiff alone was negligent, and that his own conduct alone was the cause of the injury, they should find a verdict in favor of the defendant. It also charged fully upon the federal Liability Act, and advised the jury that, if they found that both plaintiff and defendant were guilty of negligence contributing to the injury, in such event the damages sustained should be diminished by the jury in proportion to the amount of the negligence, if any, attributable to the plaintiff.
 

 There is no doubt of the defendant’s negligence in the violation of the rule respecting the flagman. Under the facts developed in the testimony, the jury may have found that the injuries were sustained in part by the negligence of the defendant and in part by the contributing negligence of the plaintiff. Section 1 of the Federal Employers’ Liability Act (Section 8657, U. S. Comp. Stats.; Section 8069, Barnes’ Fed. Code) provides that every common carrier engaged in interstate commerce shall be liable in damages to any person suffering injury “resulting in
 
 whole or in part
 
 from the negligence of any of the officers, agents, or employes of such carrier.” Section 3 (Section 8659, U. S.
 
 *165
 
 Comp. Stats.; Section 8071, Barnes’ Fed. Code) provides:
 

 “In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this act to recover damages for personal injuries to an employe, or where such injuries have resulted in his death, the fact that the employe may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employe.”
 

 Under the facts developed by the testimony, were we to hold that the contributory negligence of the engineer would bar recovery we would emasculate the federal statute awarding damages to employes for injuries sustained
 
 “in part”
 
 by the negligence of the employe. Under the Federal Liability Act, if the employe is guilty of contributory negligence, he is penalized by having the amount of his damages diminished. If the plaintiff violated the rules of the company, no less did the servants of the company violate a rule that was passed for the express purpose of protecting trains from those following in their rear. In
 
 Grand Trunk Western Ry. Co.
 
 v.
 
 Lindsay,
 
 233 U. S., 42, 47, 34 S. Ct., 581, 582 (58 L. Ed., 838, Ann. Cas., 1914C, 168), Chief Justice White quoted the following with seeming approval:
 

 “If, under the Employers’ Liability Act, plaintiff’s negligence, contributing with defendant’s'negligence to the production of the injury, does not defeat the cause of action, but only lessens the damages, and, if the cause of action is established by showing that the injury resulted ‘in whole or
 
 *166
 
 in part’ from defendant’s negligence, the statute would be nullified by calling plaintiff’s act tbe proximate cause, and then defeating him, when be could not be defeated by calling bis act contributory negligence. For bis act was tbe same act, by whatever name it be called. It is only when plaintiff’s act is tbe sole cause—when defendant’s act is no part of the causation—that defendant is free from liability under tbe act.”
 

 In
 
 Illinois Central R. Co.
 
 v.
 
 Skaggs,
 
 240 U. S., 66, 69, 36 S. Ct., 249, 250 (60 L. Ed., 528), Mr. Justice Hughes, in commenting upon the statute, said:
 

 “It may be taken for granted that tbe statute does not contemplate a recovery by an employe for tbe consequences of action exclusively bis
 
 own;
 
 that is, where bis injury does not result in whole or in part from tbe negligence of any of tbe officers, agents, or employes of the employing carrier. * * * If tbe injury was due to tbe neglect of a coemploye in tbe performance of bis duty, that neglect must be attributed to tbe employer; and, if tbe injured employe was himself guilty of negligence contributing to tbe injury, tbe statute expressly provides that it ‘shall not bar a recovery, but tbe damages shall be diminished by the jury in proportion to tbe amount of negligence attributable to such employe,’ ”
 

 In
 
 Norfolk & Western Ry. Co.
 
 v.
 
 Earnest,
 
 229 U. S., 114, 122, 33 S. Ct., 654 (57 L. Ed., 1096, Ann. Cas. 1914C, 172), in commenting upon this federal act, Mr. Justice Van Devanter stated that this statute meant and could only mean that:
 

 “Where the causal negligence is partly attrib
 
 *167
 
 utable to bim and partly to the carrier, he shall not recover full damages, but only a proportional amount bearing the same relation to the full amount as the negligence attributable to the carrier bears to the entire negligence attributable to both.” . .
 

 A recovery was permitted in a case very similar to this by the Circuit Court of Appeals of the Sixth Circuit in
 
 Pennsylvania Co.
 
 v.
 
 Cole,
 
 131 C. C. A., 244, 214 F., 948.
 

 The special charge asked by • the railway company, and refused by the court, was an attempt to apply the language of Mr. Justice McKenna in
 
 Great Northern Ry. Co.
 
 v.
 
 Wiles, Admr., supra,
 
 to the instant case, and it is upon this and two other federal authorities that counsel for the railway company rely for reversal. The language employed by Mr. Justice McKenna cannot possibly apply here. There is nothing in this record which discloses that Kontner, the engineer, actually knew that the standing caboose was at the water station until he was within a car length of it. The evidence does not disclose that he knew that danger was imminent. The request is based upon' the theory that the engineer’s negligence was the sole cause of the injury. While the answer alleged this as a defense, it also contains the defense of contributory negligence upon the part of the engineer. We do not think that the federal authorities cited by the railway company can be so extended as to apply to the case at bar. Had the flagman brought a suit for injuries under the federal act, and had the employes of the approaching train been not guilty of negligence, the Wiles case
 
 *168
 
 might he in point. An examination of that authority clearly shows that Wiles’ negligence was the sole and proximate cause of the injury. The opinion discloses that Wiles was entirely at fault, and that “the engineer of the passenger train did not know of the existence of the freight train ahead and no negligence is attributed to him”; nor was there any negligence upon the part of the fireman, for he could see not more than a car length ahead because of a curve. It was under facts thus disclosed that the court held there was “no justification for a comparison of negligences or the apportioning of their effect.” Likewise in the
 
 Frese
 
 and
 
 Kennedy cases, supra,
 
 the high federal court held, in effect, that the doctrine of apportioning negligence could not be applied thereto, for the reason that no other acts of neglect' proximately caused the injuries except those of the plaintiff in the action. Neither of them found any negligent act upon the part of the employes of the company which
 
 “in part”
 
 caused the collision. In both of the latter cases the court held that the engineers could not be absolved from a statutory and personal, or a primary, duty by an attempt to show with reference to that duty that another employe, occupying a subordinate or secondary relation, might possibly have done more than he did to avoid the collision. Criticism is directed against the general charge because its reference to the federal act is claimed to be incomplete. But an inspection of the entire charge shows that the act was fully stated by the court, and that the jury were advised as to the liability of the defendant and as to the
 
 *169
 
 right and amount of recovery permitted thereunder.
 

 The testimony offered by the plaintiff, with reference to blindness in his right eye, and allusions made thereto, was not only competent, but could not possibly be prejudicial to recovery. The engineer was on the right side of his cab, and the testimony in respect to his eye was offered as ah attempted justification of his claim that because of such defective vision he could not as well perceive the train in front as he might have done with perfect vision. Moreover, whether his vision was defective or otherwise he would have been entitled to recovery in some measure, since, under the federal act, the injury to the plaintiff resulted
 
 “in part”
 
 from the negligence of the flagman in failing to protect the rear of the standing train, as required by the rule of the company.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Matthias, Day, Allen and Robinson,
 
 JJ.,
 
 concur.