## HOWARD v. LOUISIANA & A. RY. CO.
### No. 5941.

Circuit Court of Appeals, Fifth Circuit.
April 30, 1931.

Rehearing Denied May 23, 1931.

Otis W. Bullock, of Shreveport, La., and S. P. Jones, of Marshall, Tex., for appellant.

R. F. White, of Alexandria, La., and A. L. Burford and C. Huffman Lewis, both of Shreveport, La., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, plaintiff below, sued the defendant railway company under the Federal Employers' Liability Act (45 USCA §§ 51–59) for alleged injuries claimed to have

been suffered by him while in the defendant's employ as a brakeman.

At the close of all the evidence a motion for a directed verdict in favor of the defendant was presented and argued, and the court, stating that if a substantial verdict for plaintiff was rendered by the jury the court would have to set same aside as contrary to the law and the evidence, granted the motion.

To the action of the court in refusing to submit the case to the jury on issues presented in charges requested by plaintiff, and in instructing a verdict for the defendant plaintiff duly excepted, and from the judgment on the verdict, this appeal is taken.

■ Appellee has filed a motion to strike plaintiff's bills of exceptions as not filed in time. The point made is that though the bills were settled, ordered filed, and filed during the same term of court at which the cause was tried, they were filed too late because of the fact that plaintiff, having procured an order allowing forty two days within which to prepare and settle his bills of exceptions, did not file them within that time; that by procuring the order plaintiff deprived the court of its jurisdiction to allow, approve, and order his bills of exceptions filed at any time during the term.

The point is without merit. That the preliminary order granting forty-two days has no effect upon the inherent power of the court at any time during the term to allow, approve, and order filed bills of exceptions is too elementary to require citation of authorities. The motion to strike is overruled.

On the merits of the appeal the single question is presented, whether the court had the power, in the state of the evidence, to direct a verdict for defendant. Plaintiff insists that the action of the court has deprived him of that substantial right of trial by jury guaranteed by the Seventh Amendment to all litigants in the courts of the United States in suits at common law.

He insists that since there was testimony, though given by himself, that not he but other employees were guilty of the negligence which caused the collision, and that he received substantial injuries as the result of it, he was entitled to have a jury verdict on the issues tendered. Defendant vigorously opposes this view, contending that the plaintiff's evidence was wholly discredited by the testimony of the other witnesses in the case both upon the issue of negligence and of injury, and that the evidence so overwhelmingly preponderated in its favor that the

district judge was right in taking the case from the jury. It says, and the contention is supported by the testimony of its witnesses, that the fault which brought about the conditions complained of was that of the plaintiff himself. That he was the rear brakeman whose duty it was to attend to the setting of the brakes and to observe and guard against dangerous conditions at the rear of the train, and that having brought about by his own negligence the very conditions which caused the injury, he may not recover. It points to the finding of the district judge that though there has been some testimony on the part of plaintiff that Brakeman Nash was in charge of the rear end of the train instead of plaintiff himself, I think that is thoroughly disproved by all the evidence in the case" and cites Great Northern Ry. Co. v. Wiles, 240 U. S. 444, 36 S. Ct. 406, 60 L. Ed. 732; I. C. Ry. Co. v. Skaggs, 240 U. S. 66, 36 S. Ct. 249, 60 L. Ed. 528; New York, N. H. & H. R. Co. v. Murphy (C. C. A.) 204 F. 420.

It further contends, and points to the testimony of its witnesses and the statement of the trial judge, that "if a substantial verdict is returned it would have to be set aside" in support of the contention that the proof overwhelmingly establishes that plaintiff in fact received no injury at the time in question; that he was a malingerer; and that he has had a past career as such.

Notwithstanding that, upon the point of negligence, plaintiff, though admitting that his regular position was that of rear brakeman, testified positively that because of his inexperience on that run he and Nash had exchanged places, and that at the time of the happening of the conditions which caused the injury Nash and not he was acting as rear brakeman and upon the point of injury testified with unshaken persistence to the fact that he had received injuries, denied his ever having been a malingerer, and by his own testimony supported by that of a physician made out a case of substantial injury, defendant, quoting from United Central Oil Corporation v. Helm (C. C. A.) 11 F.(2d) 760, 762, "It is well settled that the rule is this: Whenever it is clear that, if the jury should render a verdict for one party, the judge would be obliged to grant a new trial, in the exercise of sound discretion, it is his duty to direct a verdict for the other party," contends that under this rule since the district judge did not believe the testimony of plaintiff to be true and had made up his mind that if the jury should return a substantial verdict

in plaintiff's favor he would have to set it aside, it was his duty not to let the case go to the jury, but in the first instance to direct a verdict for the defendant..

Defendant's contention confuses and seeks to blend two powers and functions possessed by a district judge presiding over a jury trial each, entirely separate and distinct from the other: The power primarily to instruct a verdict for want of evidence, recognized in Barney v. Schmeider, 9 Wall. 248, 251, 19 L. Ed. 648, "It is possible to have a jury trial in which the plaintiff, having failed to offer any evidence at all, or any competent evidence, the jury finds for the defendant for that very reason. And in such case it is strictly correct, if the plaintiff does not take a non-suit, for the court to instruct the jury to find for the defendant," and the power always recognized as resident at common law in the trial judge to set a verdict aside when in the opinion of the judge it is not right that the verdict should stand: "Its [the seventh amendment] aim is not to preserve mere matters of form and procedure, but substance of right. This requires that questions of fact in common-law actions shall be settled by a jury, and that the court shall not assume, directly or indirectly, to take from the jury or to itself such prerogative." Walker v. New Mexico R. Co., 165 U. S. 593, 17 S. Ct. 421, 422, 41 L. Ed. 837.

The preservation of this right requires that the two functions of the trial judge, in the exercise of which he asserts his rightful powers of control over the results of jury trials, be never confused.

Two great cases, Capital Traction Co. v. Hof, 174 U. S. 1, 19 S. Ct. 580, 43 L. Ed. 873, and Slocum v. New York Life Ins. Co., 228 U. S. 364, 33 S. Ct. 523, 532, 57 L. Ed. 879, in which the scope and meaning of the right of trial by jury guaranteed by the Seventh Amendment are authoritatively examined and fixed, make clear the essential separateness of these two functions: "'Trial by jury,' in the primary and usual sense of the term at the common law and in the American constitutions, is not merely a trial by a jury of 12 men before an officer vested with authority to cause them to be summoned and empaneled, to administer oaths to them and to the constable in charge, and to enter judgment and issue execution on their verdict; but it is a trial by a jury of 12 men in the presence and under the superintendence of a judge empowered to instruct them on the law and to advise them on the facts, and (except on acquittal of a criminal charge) to set aside their verdict, if, in his opinion, it is against the law or the evidence. This proposition has been so generally admitted, and so seldom contested, that there has been little occasion for its distinct assertion." Capital Traction Co. v. Hof, 174 U. S. page 13, 19 S. Ct. 580, 585, 43 L. Ed. 873.

In the Slocum Case it was declared that in no instance may the judge find the facts for the jury, and that while he may set the verdict aside, if he does so, another trial by jury must follow. In that case the court said: "It is the province of the jury to hear the evidence and by their verdict to settle the issues of fact, no matter what the state of the evidence; and that while it is the province of the court to aid the jury in the right discharge of their duty, even to the extent of directing their verdict where the insufficiency or conclusive character of the evidence warrants such a direction, the court cannot dispense with a verdict, or disregard one when given, and itself pass on the issues of fact."

To permit a trial judge to do what defendant contends he may do, instruct a verdict for one party where there is evidence in support of the theory of the other, merely because the judge does not believe the evidence to be true, is in effect to permit him to submit the case to the jury, and the verdict having come in contrary to the judge's views, to render a verdict non obstante veredicto, thus recognizing his right to do indirectly that which he cannot directly do. Slocum v. New York Life Ins. Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879.

In Gunning v. Cooley, 281 U. S. 90, 50 S. Ct. 231, 233, 74 L. Ed. 720, a malpractice case in which the judges of the Court of Appeals of the District of Columbia in dissenting and concurring opinions have gravely questioned the action of the trial court in submitting plaintiff's case to the jury [Gunning v. Cooley, 58 App. D. C. 304, 30 F. (2d) 467], the Supreme Court re-examined and restated in an authoritative way the rules governing the submission of causes to a jury:

"'When, on the trial of the issues of fact in an action at law before a Federal court and a jury, the evidence, with all the inferences that justifiably could be drawn from it, does not constitute a sufficient basis for a verdict for the plaintiff or the defendant, as the case may be, so that such a verdict, if returned, would have to be set aside, the court may and should direct a verdict for the other

574

party.' Slocum v. N. Y. Life Ins. Co., 228 U. S. 364, 369, 33 S. Ct. 523, 525, 57 L. Ed. 879.

"A mere scintilla of evidence is not enough to require the submission of an issue to the jury. The decisions establish a more reasonable rule 'that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.' Improvement Co. v. Munson, 14 Wall. 442, 448, 20 L. Ed. 867; Pleasants v. Fant, 22 Wall. 116, 122, 22 L. Ed. 780.

"Issues that depend on the credibility of witnesses, and the effect or weight of evidence, are to be decided by the jury. * * * Where uncertainty as to the existence of negligence arises from a conflict in the testimony or because, the facts being undisputed, fairminded men will honestly draw different conclusions from them, the question is not one of law but of fact to be settled by the jury. Richmond & Danville R. Co. v. Powers, 149 U. S. 43, 45, 13 S. Ct. 748, 37 L. Ed. 642."

It is one thing for the trial judge in the exercise of his discretion after a verdict has come in to set that verdict aside, even though there is evidence which if believed would support it, where in his opinion justice has not been done. It is quite another thing for the judge to refuse to permit the case to go to the jury where there is evidence which, if believed, would support a verdict for plaintiff, because, as stated by the trial judge in this case, he had reached the conclusion that if a substantial verdict should be rendered for the plaintiff he would be compelled to set it aside as against the law and the evidence.

In the first place, it is a quite usual experience with trial judges that the fact that twelve average men have agreed to give credence to evidence which has not impressed the judge invests that evidence with a substance of credibility which it had not theretofore had, and if the judge, notwithstanding such verdict, still feels that justice has not been done, he has a more authoritative guide to the correctness of his conclusion than he had before the verdict came in. But these considerations entirely aside, it is the law. that the trial judge has no right, merely because he does not believe the evidence of a party, to refuse to take the jury's verdict on it.

In view of the course which the trial took below, it will serve no useful purpose to abstract the testimony. It is sufficient to say that the evidence overwhelmingly made a case of fault on the part of some one, and that without such fault the accident could not have occurred. Upon plaintiff's testimony the fault was the defendant's, and for the injury resulting it was responsible to plaintiff therefor. Upon the testimony of defendant the fault was plaintiff's, and defendant was without responsibility. Upon the matter of injury upon the testimony of plaintiff and his witnesses plaintiff received substantial injury; upon the testimony of defendant and its witnesses he did not.

This state of the evidence requires that the issues of fact raised upon conflicting testimony "shall be settled by a jury, and that the court shall not assume, directly or indirectly, to take from the jury or to itself such prerogative." Walker v. New Mexico R. Co., supra.

The action of the court below having taken from plaintiff the right to have a verdict of the jury on the issues which he tendered in his pleadings and by his evidence, the cause is reversed and remanded for further proceedings not inconsistent with this opinion.