JONES *v.* THE KANSAS CITY SOUTHERN RAILWAY COMPANY.

4-6106                                    145 S. W. 2d 969

Opinion delivered December 9, 1940.

*Ward Martin* and *Sam T. & Tom Poe,* for appellant.

*Joseph R. Brown* and *James B. McDonough,* for appellee.

HUMPHREYS, J. This suit was brought by appellant against appellee in the circuit court of Little River county to recover damages in the sum of $25,000 on account of injuries received by him through the alleged negligence of appellant's fellow-workman, all of whom were employees of appellee, and at the time the injury occurred all were engaged in interstate commerce. For that reason the suit was brought under the provisions of the Federal Employer's Liability Act, 45 USCA, § 51, *et seq.* At the time appellee was injured he and his fellow-workman were engaged in loading old rails from each side of a railroad track, where they had been laid down when

taken up, onto a freight car which was being pulled by an engine along the track which was stopped at convenient intervals for loading. A "dolly" or roller was attached to the back end of the freight car so that after a rail was picked up on the side of the track by the crew and carried to the center of the track the part of the crew lifting the front end of the rail would lift it on the dolly and they, being assisted by the other part of the crew holding up the back end of the rail, would push or roll it onto the freight car. The rails weighed between eight hundred and nine hundred pounds each and it took a number of men to load them. At the time the injury occurred, five or six men were lifting on the front end and four or five on the back or rear end of the rail they were loading.

The particular negligence alleged and which the evidence introduced tended to sustain was that the men in front, at the direction and signal of the foreman, dropped the front end of the rail on the dolly before appellant, who was holding up the extreme rear end of the rail and in a stooping, strained position, could get in proper position to do his part of the lifting and pushing, causing a sudden jerk on the rear end of the rail that inflicted painful and permanent injuries upon appellant.

Many other acts of negligence were alleged in the complaint and testimony introduced tending to sustain them.

Appellee filed an answer denying each and every material allegation in the complaint and as separate defenses pleaded contributory negligence and assumption of the risk on appellant's part. Appellee introduced evidence in support of its denials and separate defenses.

Appellant was entitled under the pleadings and evidence to have the issues submitted to the jury under correct instructions.

Appellant contends that instruction No. 6 given at the request of appellee denied him the right to recover under the doctrine of comparative negligence vouchsafed to him under the first section of the Federal Employer's

Liability Act which, in part, is as follows: "Every common carrier by railroad while engaging in commerce between any of the several States, . . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, . . ., for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees, of such carrier, . . ." 45 USCA, § 51.

In construing this statute the Supreme Court of the United States, in the case of *Illinois Central R. Co.* v. *Skaggs,* 240 U. S. 66, 36 S. Ct. 249, 60 L. Ed. 528, said: ". . . It may be taken for granted that the statute does not contemplate a recovery by an employee for the consequence of action exclusively his own; that is, where his injury does not result in whole or in part from the negligence of any of the officers, agents, or employees, or the employing carrier, . . . But on the other hand, it cannot be said that there can be no recovery simply because the injured employee participated in the act which caused the injury. The inquiry must be whether there is neglect on the part of the employing carrier, and if the injury to one employee resulted 'in whole or in part' from the negligence of any of its other employees, it is liable under the express terms of the act. That is, the statute abolished the fellow-servant rule. If the injury was due to the neglect of a co-employee in the performance of his duty, that neglect must be attributed to the employer; and if the injured employee was himself guilty of negligence contributing to the injury, the statute expressly provides that it 'shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee.' "

The question then is whether instruction No. 6 given at the request of appellee denied appellant the right to recover if he himself was guilty of negligence in any degree which contributed in part to his injury. Instruction No. 6 is as follows: "Even if you find from a preponderance of the evidence that those members of the loading crew on the forward end of the rail dropped it

on the flat car or roller in such manner as to cause an abrupt jar on the rear end, plaintiff cannot recóver if the abrupt jar injured him because of his inattention."

The word "inattention" used in the instruction necessarily means "negligence," and when so construed the instruction told the jury, in effect, that if appellant's injury was caused in part by his own negligence and in part by the negligence of appellee he could not recover. This instruction was, therefore, inherently wrong and, of course, was prejudicial and will necessarily work a reversal of the judgment.

It is unnecessary to discuss the question raised and argued that it is in conflict with instruction No. 4 given at the request of appellant because on a new trial No. 6 will not be requested, or, if requested, will be denied and then there will be no conflict.

Appellant also contends and argues that the court erred in excluding his evidence that the right of way on the outside of the track was rough and uneven. Appellant's injury occurred, if at all, on the track between the rails. The rail and all the men handling it were on the track between the rails and we are unable to see what connection the condition of the right of way outside the track had with the alleged negligent acts complained of or with appellant's alleged act of contributory negligence complained of.

Appellant's next contention is that instruction No. 8 given at the request of appellee was and is erroneous on the ground that it invaded the province of the jury. We have carefully read the instruction and do not think it was an instruction on the weight of the evidence. Its effect was to tell the jury that even if certain alleged acts of negligence had been proven to their satisfaction before they could return a verdict on account of said acts they must find that the acts were carelessly committed. We think it was a correct declaration of law to tell the jury that the acts complained of must be careless or negligent acts. In other words that the injury must have resulted from negligent or careless acts and was not the result of an unavoidable accident.

Lastly, appellant contends that the court committed reversible error in permitting appellee to introduce certain X-ray pictures without proper identification. It may be that on a new trial these pictures will be identified if introduced so we see no necessity of deciding at this time whether they were properly identified.

On account of the error indicated the judgment is reversed and the cause is remanded for a new trial.