## MARSH v. ILLINOIS CENT. R. CO.

### ILLINOIS CENT. R. CO. v. MARSH.

#### No. 12601.

United States Court of Appeals
Fifth Circuit.

July 8, 1949.

E. L. Brunini, Vicksburg, Miss., and Frank E. Everett, Jr., Vicksburg, Miss., for appellant and cross-appellee.

R. L. Dent, Vicksburg, Miss., and William F. McGehee, Vicksburg, Miss., for appellee and cross-appellant.

Before HUTCHESON, SIBLEY and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

Marsh, called herein appellant, a fireman on a switch engine, sued for a personal injury alleged to have been caused by negligence in maintaining the switching track and the apron covering the coupling between the engine and tender, on which apron he stood in firing. At the conclusion of the evidence the defendant's motion for an instructed verdict was denied, and a verdict for plaintiff was returned. The defendant then moved for a judgment notwithstanding the verdict, or if that should be denied, for a new trial on the ground, among others, that the verdict was against the overwhelming weight of the evidence. The judge held: "The weight of the evi-dence is so overwhelmingly against the plaintiff that as a matter of law it becomes the duty of the court to withdraw the case from the jury and enter a judgment for the defendant. The motion for a new trial will be denied, and the motion of the defendant for a judgment notwithstanding the verdict of the jury will be entered for the reason that the motion for a directed verdict should have been sustained." The defendant then moved that the judgment be so amended as to grant a new trial in the event of reversal of the judgment notwithstanding the verdict according to a form suggested in 3 Moore's Federal Practice, Sect. 50.03 and Suppl., and 4 Id.Sect. 50.05 p. 459. This motion to amend was overruled, the judge holding: "It is my judgment that the evidence was insufficient to go to the jury, but if I am wrong in that, then I do not think a new trial should be granted as there were no other errors of law." Appeal is taken by plaintiff from the judgment notwithstanding the verdict, and a cross-appeal by the defendant from the refusal of a new trial.

1. This suit, based on negligence, is in its substance one at common law, though modified by federal statute. The Seventh Amendment of the Constitution governs: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of common law". The last clause is a definite limitation on federal appellate courts, because at common law an appellate court could not revise a verdict, and could award a venire de novo only for error in the trial; but the common law power of the trial judge to grant a new trial in his discretion, irrespective of error and merely because he does not think the verdict right, is fully preserved. Parsons v. Bedford, Breedlove & Robeson, 3 Pet. 433, 7 L.Ed. 732. This matter was fully dealt with in the Sixth Circuit by successive opinions by Judges Lurton, Taft and Harlan, in Mt. Adams & E. P. Inclined R. Co. v. Lowery, 74 F. 463; Felton v. Spiro, 78 F. 576; and Travelers Ins. Co. v. Randolph, 78 F. 754. The same distinctions were maintained by

this court in Howard v. Louisiana & A. R. Co., 5 Cir., 49 F.2d 571. A motion for a directed verdict, or for a judgment notwithstanding the verdict under Rule of Civil Procedure 50, 28 U.S.C.A., raises a question of law only: Whether there is any evidence which, if believed, would authorize a verdict against movant. The trial judge in considering those motions does not exercise discretion, but makes a ruling of law, and if he errs the appellate court may reverse. A motion for new trial is addressed to the trial judge's discretion. He may grant a new trial if he thinks he has committed error; and he may grant one (and he alone can) because he thinks the verdict is wrong, though supported by some evidence. The exercise of his discretion is not ordinarily reviewable on appeal, though a failure to exercise discretion, or an abuse of it, may be corrected. The motion for a new trial is entirely independent of the other two motions and is governed by different principles, and has a different result. It never supersedes the jury, but as its name states, it results in another jury trial, perhaps with different evidence produced. But the motion for directed verdict or for judgment not withstanding the verdict if granted, ends the case.

■ Rule of Civil Procedure 50, while altering the procedure in federal courts, did not alter the nature and effect of these motions, and each is entitled to be decided according to the principles applicable to it without confusing them. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147.

■ 2. While it is not our function to weigh the evidence, we do agree with the trial judge's first expressed opinion that the weight of the evidence is "overwhelmingly against the plaintiff". But we do not agree that the grant of a judgment notwithstanding the verdict was therefore justified. There was evidence of the appellant, not very explicit or positive, which if believed might authorize a jury to conclude he was hurt in the manner he claims. Because the trial judge does not believe it, because of appellant's own contradictions and conduct and of opposing evidence which

seem to overwhelm it, is not ground for a judgment notwithstanding the verdict, and we must reverse that judgment. Howard v. Louisiana & A. R. Co., 5 Cir., 49 F.2d 571.

3. But it is ground for the trial judge to grant a new trial, though the trial was free of other error. He has in strong terms disapproved the verdict as contrary to the evidence, so much as to warrant setting the verdict aside and entering judgment for the defendant. We have reversed the entering of a final judgment, but it is evident that the new trial ought to be granted and would have been except for the misconception that absence of other error prevented it. The full discretion vested in the trial judge not having been exercised, we will remand the case with direction to the judge to grant a new trial instead of a judgment notwithstanding the verdict if he continues to think the verdict to be against the overwhelming weight of the evidence.

The judgment is reversed on both appeals and the cause remanded for further proceedings not inconsistent with this opinion. Reversed.