## SOUTHWESTERN GAS & ELECTRIC CO. v. CASCIO.

No. 13770.

United States Court of Appeals, Fifth Circuit.

March 13, 1952.

John M. Madison, Shreveport, La., for appellant.

Whitfield Jack, Shreveport, La., for appellee.

Before HOLMES, BORAH, and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment entered pursuant to a verdict for the appellee in a suit to recover damages for personal injuries, sustained in a collision between a horse-drawn wagon, driven by appellee, and a truck with trailer attached, driven by an employee of appellant. Jurisdiction is based solely upon diversity of citizenship. The accident occurred at about 8:30 a. m., July 31, 1950, in Shreveport, Louisiana, near the intersection of Milam and Lawrence Streets.

Cascio, a fruit and vegetable vender, was driving west on Milam Street approaching Lawrence Street; appellant's truck with trailer was traveling in the same direction on the same street, overtaking Cascio, who had been driving his wagon about two feet from the curb; but, upon overtaking a vehicle that was parked at the curb, Cascio veered slightly to his left in order to pass it. Simultaneously with the wagon's passing the parked vehicle, the trailer truck attempted to pass the wagon. The body of the truck succeeded in passing, but the right rear wheel of the trailer hit the left front wheel of the wagon and caused the injury.

On the trial below, appellant attempted to show that Cascio had turned to his left after the truck body passed, and before the trailer had reached him, thus turning the wagon into the side of the trailer. Appellee attempted to show that, immediately after the truck body had passed, the truck driver veered to his right, causing the trailer to strike the wagon. Appellee introduced evidence tending to show that it had been necessary for the left wheel of the truck to go approximately two feet to the left of the center line of the street in order to be in the position it occupied at the time of the collision; that there was a constant flow of traffic facing the truck from the opposite direction; and that it was probable that the driver of the truck, after the body of the truck had passed the wagon, began to turn back into the lane on his right in order to avoid oncoming traffic and, by so doing, caused the trailer wheel to collide with the wagon.

The appellant, in addition to denying any negligence on the part of its driver, alleged contributory negligence on the part of appellee; and the issue of contributory negligence was covered in the court's instructions to the jury. At the close of all the evidence, appellant moved for a directed verdict; then, after the verdict, it moved for judgment notwithstanding the verdict, both of which motions were based on the contentions (1) that there was no substantial evidence tending to show that appellant's driver was guilty of negligence; (2) that, even if some negligence on the part of the truck driver was assumed, the evidence showed that appellee was guilty of contributory negligence as a matter of law. Appellant is here insisting that the court below erred in overruling its motions. Several Louisiana cases, with similar factual situations, have been cited by appellant as holding that conduct such as Cascio's amounts to contributory negligence.

■ Though we do not agree with appellant that, under the decisions cited, the appellee would necessarily be held contributorily negligent, the question before us, as stated by this court in Henwood v. Wallace, 5 Cir., 159 F.2d 263, 265, is "not what we would have done if we had been members of the jury, or what a Louisiana trial court, sitting without a jury, would or should have done, or even what the Supreme Court of Louisiana would do in reviewing the case upon both the law and the facts. The question before us is whether, after an examination of the entire record, we are able to say that the substantial rights of the defendant were prejudicially affected by the submission to the jury of the issue as to contributory negligence. This issue, in turn depends upon whether there was substantial evidence from which a fair jury might reasonably infer that the plaintiff, at the time of the injury, was exercising the care that an ordinarily prudent person would use for his own safety in similar circumstances." See also Parsons v. Bedford, 3 Pet. 433, 7 L.Ed. 732; Howard v. Louisiana & A. Ry. Co., 5 Cir., 49 F.2d 571.

Applying the principles in the above cases to the facts before us, we are of the opinion that there was substantial evidence to support the verdict and that the judgment appealed from should be affirmed.

Affirmed.