Wilbert CROUSE and Lillian Smitley, Plaintiffs,

v.

The KNIGHTS LIFE INSURANCE COMPANY OF AMERICA, a corporation, Defendant.

Civ. A. No. 8931.

United States District Court
W. D. Pennsylvania.

Oct. 15, 1954.

James P. McArdle, Pittsburgh, Pa., for plaintiffs.

Leonard M. Boehm, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This action is based on two life insurance policies by the beneficiaries of the insured.

The defendant has refused payment alleging that defendant's death was suicidal and, therefore, exempt from coverage under provision of said policies.

The case was administered by jury trial.

In answer to specific interrogatory the jury found that decedent's death was accidental and found in favor of plaintiffs in the amounts provided by the policies.

The matters before the court for determination are two-fold:

1. Motion to set aside the verdict or for judgment notwithstanding the verdict.

2. Motion for new trial.

### Motion to Set Aside the Verdict or for Judgment Notwithstanding the Verdict

Plaintiffs' case was premised on the theory that the decedent while suspended from a tree and engaged in shooting sparrows off his roof had met death accidentally. Proof was submitted that decedent was in reasonably good health, that his marital relations were not restrained and reasonably happy, and that he enjoyed good financial stature at time of his death.

A motion for a directed verdict or judgment notwithstanding the verdict under the Federal Rules of Civil Procedure, rule 50, 28 U.S.C. raises a question of law only; that is whether there is any evidence which, if believed, would authorize a verdict against the defendant and the trial court in considering such motion does not exercise any discretion but makes only a ruling of law. Marsh v. Illinois Cent. R. Co., 5 Cir., 175 F.2d 498; Grayson v. Deal, D.C., 85 F.Supp. 431.

In passing upon a motion to set aside a verdict for plaintiff and to enter judgment for the defendant, evidence including all reasonable inferences to be drawn therefrom must be resolved in his favor. Waggaman v. General Finance Co. of Philadelphia, Pa., Inc., 3 Cir., 116 F.2d 254; Schad v. Twentieth Century-Fox Film Corp., 3 Cir., 136 F.2d 991; Lukon v. Pennsylvania R. Co., 3 Cir., 131 F.2d 327; Meyonberg v. Pennsylvania R. Co., 3 Cir., 165 F.2d 50; Kraus v. Reading Co., 3 Cir., 167 F.2d 313; O'Brien v. Public Service Taxi Co., 3 Cir., 178 F.2d 211.

The court cannot concern itself with the credibility of the witnesses or the weight of the evidence. Roth v. Swanson, 8 Cir., 145 F.2d 262.

The court is not free to reweigh the evidence and set aside the jury's verdict merely because the jury could have drawn different inferences or conclusions, or because the court regards another result as more reasonable. Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Masterson v. Pacific R. Co., 3 Cir., 182 F.2d 793.

There was ample evidence to require submission to the jury the question whether decedent died as a result of an accident or suicide.

A most careful examination of the record evinces sufficient credible evidence to support the findings of the jury.

The motion for arrest of judgment or for judgment notwithstanding the verdict must be refused.

### Motion for New Trial

In addition to the general allegations that the verdict was against the evi-

dence, the weight of the evidence, and the law, it is contended:

1. The court erred in admitting plaintiffs' exhibits containing pictures of the tree which figured prominently in the testimony.

2. The verdict was influenced by passion and prejudice against the defendant and was not based upon the evidence.

The pictures admitted, to which objection is proferred, were offered for the purpose of contradicting the testimony of one of defendant's witnesses who testified that in his opinion the tree in which decedent's body was allegedly suspended was not large enough to support the weight of a man. It is contended that the pictures are prejudicial since they were taken at least two years after the date of death.

■ The pictures clearly commanded probative value in view of the fact the jury could exercise their own judgment in determining whether a tree, as indicated in the photographs, could hold the weight of a human body two years prior to the time of their taking.

In this connection careful instruction was rendered to the jury that said photographs were admitted to assist the jury in evaluating the truth since witnesses had clearly indicated what each photograph reflected.

Upon a most thorough review of the testimony and exhibits produced at trial, it is my judgment that plaintiffs proved by the preponderance of the credible evidence that the insured's death was the result of accident, and that the jury's findings were in accordance with the evidence adduced.

Motion for judgment notwithstanding the verdict and/or new trial will be refused.

An appropriate order is entered.