AMERICAN AUTOMOBILE INSURANCE COMPANY, Appellant,

v.

Mary M. WAINWRIGHT, ind. etc., and Motors Insurance Corporation, Intervenor, Appellees.

No. 18382.

United States Court of Appeals
Fifth Circuit.

Dec. 19, 1960.

Rehearing Denied Jan. 17, 1961.

Howard B. Gist, Jr., Alexandria, La., Gist, Murchison & Gist, Alexandria, La., for appellant.

Leonard Fuhrer, Guy E. Humphries, Jr., Gravel, Humphries, Sheffield & Fuhrer, Alexandria, La., for plaintiff-appellee.

William P. Polk, Polk, Foote & Neblett, Alexandria, La., for intervenor-appellee.

Before TUTTLE, Chief Judge, and BROWN and WISDOM, Circuit Judges.

PER CURIAM.

This appeal is from a judgment on a jury verdict allowing recovery for injuries sustained in an automobile collision in Alexandria, Louisiana. The accident occurred on an east-west expressway, the double one-way lanes of which were separated by a wide dished-out, grass-covered neutral strip. The defendant was driving in an easterly direction. A truck came out onto the paved highway from a lane on her right. When for the first time she discovered the truck then almost in her path and either struck the truck or feared that she might, the defendant swerved her car to the left. It took out through the soft neutral ground for over 180 feet and rammed into the plaintiff's car then proceeding in a westerly direction on the westbound lanes.

The questions, typical of such direct action litigation, L.R.S. 22:655, were negligence of defendant, contributory negligence of plaintiff, and the amount of damages allowed. There is no significant question of Louisiana law as the jury was entitled to infer that defendant failed either to keep a proper lookout or keep her car under reasonable control before and after the sudden appearance of the third vehicle. There our function and authority ends. Commercial Credit Corp. v. Pepper, 5 Cir., 1951, 187 F.2d 71; Marsh v. Illinois Central R. Co., 5 Cir., 1949, 175 F.2d 498. The attack on damages is likewise insufficient to overcome the jury verdict. Whiteman v. Pitrie, 5 Cir., 1955, 220 F.2d 914.

Affirmed.