Magee *v.* Sun Life Assur. Co. of Canada *et al.*

(Division A. May 9, 1938. Suggestion of error overruled June 6, 1938.)

[180 So. 797. No. 33103.]

**F. D. Hewitt**, of McComb, for appellant.

Brady, Brady & Phillips, of Brookhaven, Clinton H. McKay and Lucius E. Burch, Jr., both of Memphis, Tenn., and E. C. Craig and John W. Freels, both of Chicago, Ill., for appellees.

Argued orally by **F. D. Hewitt** for appellant and by **R. P. Phillips** and **T. Brady, Jr.**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The Illinois Central Railroad Company carries with the Sun Life Assurance Company, hereinafter called the assurance company, a policy insuring the lives of its employees, and on application therefor the assurance company issues to such an employee a certificate setting forth that his life is covered by the policy and designating the beneficiary thereof. The premiums due under this policy on the lives of its employees are paid monthly in advance to the assurance company by the railroad company. It collects the major portion of the premium on the life of an employee from the employee, paying a small portion of it itself. In April, 1934, Henry W. Magee, a then employee of the railroad com-

pany, obtained such a certificate from the assurance company designating his wife, Georgia Nettles Magee, as the beneficiary therein; the amount of his insurance being $2,000. In January, 1936, Magee died, and thereafter his widow called on the assurance company to pay her the $2,000, and on its refusal so to do exhibited an original bill of complaint in the court below against the assurance company and the Zurich General Accident & Liability Insurance Company for the collection of the $2,000. The alleged relation of the Zurich Company hereto will hereinafter appear. The case was tried on bill, answer, and proof, resulting in a decree dismissing the bill of complaint.

Section VI of the policy, headed ''Termination of Assurance,'' is in part as follows: ''Other provisions notwithstanding, the assurance on each employee covered hereunder shall, while this policy remains in force, continue until written notice shall have been given to the Company by the Employer on the form supplied by the Company for that purpose, to the effect that said employee is no longer in the service of the Employer, whereupon such assurance shall by that fact alone, cease, except as otherwise provided under the terms of Provision VII.'' Paragraph VII has no bearing hereon.

The bill of complaint alleges that in July, 1934, Magee became totally disabled and left the service of the Illinois Central Railroad Company. According to the appellant's evidence, however, what happened was that Magee was given a leave of absence by the railroad company, and during August, September, and October he paid the railroad company the monthly premiums due by him under the policy. Evidence was also introduced that he tendered the premium for November to an agent for the railroad company, who refused to accept it. The court below found that this tender was not established, and the correctness of this ruling is

challenged, but it will not be necessary for us to decide it.

In December, 1934, a duly authorized agent of the railroad company notified the assurance company on a form provided for that purpose that Magee "has ceased to be employed as from the 31st day of October, 1934, and the assurance of said employee is accordingly cancelled." On receipt of this notice the assurance· company cancelled Magee's insurance under section VI of the policy, hereinbefore set forth. This action of the railroad company and of the assurance company effectually canceled Magee's insurance under the policy, unless one of the following contentions of the appellant prevented it from so doing. These contentions are: (1) No notice was given Magee by either the railroad company or the assurance company of the intention of either to cancel his insurance; (2) that Magee, within the time therefor, tendered to the railroad company the premium on his insurance for the month of November, but the railroad company declined to receive it, and thereby relieved him of the necessity of making any further effort to pay that or future premiums; and (3) the Zurich General Accident & Liability Insurance Company had in its hands $24 due by it to Magee, out of which it was its duty to pay the assurance company premiums due on Magee's insurance, which payment the assurance company was under duty to accept. The basis of this contention will hereinafter appear.

1. The policy does not provide for notice to an employee of the intention of the assurance company to cancel his insurance when notified by the railroad company that he had ceased to be employed by it, consequently under the terms of the policy which he accepted by coming under its provisions Magee was not entitled to such notice and cannot complain that it was not given him.

2. Whether Magee tendered the railroad company the premium on his insurance for November, 1934, or

not, is of no consequence. The assurance company did not look to him for the payment of the premium, but to the railroad company, between whom no relation of principal and agent exists, and the assurance company was obligated to accept premiums when, but not unless, tendered it by the railroad company, and had the right to cancel the insurance when notified by the railroad company so to do.

3. The railroad company carries with the Zurich General Accident & Liability Insurance Company a disability insurance for the benefit of its employees who accept it and pay the railroad company the premiums to be paid by it thereon; it does not require its employees to accept the benefit of either this or the assurance company's policy, but will not permit them to accept one without the other. Magee became permanently disabled in July, 1934, and the Zurich Company acknowledged liability to him therefor but paid him, according to the appellant's claim, $24 less than was due him at the time of his death. The bill of complaint alleges that these two insurance companies ''acted together and with a common understanding and purpose in writing the insurance . . . and are severally and jointly liable in issuing and delivering the certificate sued on in this case; . . . acted as one, and the same company in writing said insurance, . . . with a common purpose, understanding and agreement . . . and for all intents and purposes it was one and the same contract (the two insurance policies) paid for by the same premium collected at the same time by the Illinois Central Railroad Company.'' From which the appellant says that the $24 due him by the Zurich Company should have been applied by it to the payment of premiums on his insurance with the assurance company. The evidence does not sustain this allegation of the bill of complaint, but if it did, it follows from what we have hereinbefore said as to the method provided for the can-

cellation of the policy that the assurance company had the right, and probably was under obligation to the railroad company, to cancel Magee's insurance when notified by the railroad company so to do.

One other question remains. After hearing the evidence introduced on the trial of this case, the chancellor took it under advisement for decision in vacation. While the chancellor was considering the case, the appellant filed a motion requesting that she be allowed to amend her bill of complaint by eliminating therefrom the allegation that Magee left the service of the Illinois Central Railroad Company in July, 1934, and allege in lieu thereof that he was then granted a leave of absence by the company. This motion was overruled. Several reasons appear why we cannot reverse the chancellor for so doing, one of which is that under what we have hereinbefore said, had the amendment been allowed it would not have justified a different decree from the one rendered.

Affirmed.