Clyde **DOBSON**, Appellant,

v.

**MASONITE CORPORATION**, Appellee.

No. 22506.

United States Court of Appeals
Fifth Circuit.

April 26, 1966.

Rehearing Denied June 17, 1966.

Williams S. Murphy, Lucedale, Miss., for appellant.

C. Denton Gibbes, Jr., David C. Welch, Laurel, Miss., for appellee.

Before HUTCHESON and THORNBERRY, Circuit Judges, and WEST, District Judge.

HUTCHESON, Circuit Judge:

By this suit Clyde Dobson seeks to recover from Masonite Corporation for breach of an oral contract. The jury returned a verdict favorable to Dobson and assessed damages against Masonite. The district court, of the opinion that only a legal question was involved, and that the law favored Masonite, entered judgment notwithstanding the verdict absolving Masonite of liability. We conclude that the case as presented to the district court made necessary a factual determination; that in entering judgment notwithstanding the verdict, the district court undertook to find the facts itself, and thereby invaded the fact-finding province of the jury; and that the entry of judgment notwithstanding the verdict was thus manifestly improper. Accordingly, we reverse the judgment and remand the case with instructions to reinstate the jury's verdict.

Masonite desired to rid its Mississippi lands, consisting of some 9,200 acres, of all oak timber and undesirable and unwanted species of tree. In March, 1963, Dobson orally agreed to undertake cutting operations on Masonite's lands. Neither party disputes the existence of the oral agreement; nor is there any real quarrel regarding the basic terms of the agreement. Under the contract Dobson was (1) to cut all oak, whether dead, diseased, defective, or merchantable; (2) to have complete control over the entire cutting operation and the timber cut; (3) to sell so much of the cut timber as he could; and (4) to pay Masonite initially twelve dollars, and subsequently ten dollars, per thousand log feet of oak actually sold, and to retain all amounts received in excess thereof as compensation for his services. Dobson incurred rather heavy expenditures in preparing for operations, found buyers for much of the oak to be cut, and commenced clearing the lands.

During the period in question the stumpage value of oak was approximately twenty dollars per thousand log feet; thus by selecting and selling the merchantable oak from that which he cut, Dobson was able to realize profits from his operations. Dobson continued clearing operations from March, 1963, to December, 1963, at which time Masonite unilaterally terminated the agreement and ordered Dobson to discontinue his operations. Dobson during this time cleared 4,000 acres of land, and realized a net profit, after all expenses, including payments to Masonite, of $9,383.02.

This suit was initiated by Dobson to recover the amount of net profits he would have realized had he been permitted to complete the clearing of Masonite's lands. Dobson interpreted the contract as one for services; he argued that the agreement was for clearing the land of unwanted oak trees. Masonite denied liability, interpreting the contract as one for the sale of standing timber, and invoking the Mississippi Statute of Frauds[1] to bar Dobson's claim. At the close of the evidence Masonite moved for a directed verdict. The court denied this motion and submitted the case to the jury on special interrogatories inquiring (1) whether the con-

---

1. Mississippi Code of 1942 Sec. 264 provides in pertinent part:

"An action shall not be brought whereby to charge a defendant or other party:

* * *.

(c) Upon any contract for the sale of lands, tenements, or hereditaments * * *;

(d) Upon any agreement which is not to be performed within the space of fifteen months from the making thereof;

* * *.

Unless, in each of said cases, the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith * * *."

tract was for services or for the sale of timber; and (2) whether the agreement could have been completed within the permissible period under the Statute of Frauds.[2] The jury answered the interrogatories in favor of Dobson and assessed damages at $26,500.

Masonite then moved for judgment notwithstanding the verdict under Fed.R. Civ.P. 50(b). The district court sustained this motion, stating that only "the legal analysis and legal effect of that done" was in question, ruling that as a matter of law Dobson by virtue of the contract acquired an interest in standing timber, and holding that recovery under the contract was therefore barred by the Statute of Frauds.

■■ The district court quite properly observed that under the Mississippi Statute of Frauds, an oral contract for the sale of standing timber is unenforceable. See, e. g., Towles v. Hodges, 235 Miss. 258, 108 So.2d 884 (1959); Rowan v. Rosenblatt, 206 Miss. 259, 39 So.2d 873 (1949) (en banc). Counsel for Dobson is also correct in his statement of Mississippi law; an agreement for services in cutting and clearing land of timber is not within the Statute. See, e. g., Herring v. Edwards, 29 So. 787 (Miss. 1901).

■ But this of little assistance in determining *which type* of contract— sales or service—was here involved. This calls for an interpretation of the agreement between the parties to determine what they meant by the terms of that agreement. Interpretation is always a question of fact. Aetna Ins. Co. v. Neville G. Penrose, Inc., 304 F.2d 612, 616 (5th Cir. 1962); 3 Corbin, Contracts, Section 554, p. 219 (1960); 17A C.J.S. Contracts §§ 616, 618, p. 1240 et seq. (1963). As a question of fact, this issue was properly presented to, and determined by, the jury; and unless there was no evidence which, if believed, would authorize the jury's conclusions, they must stand. See Marsh v. Illinois C. R. R., 175 F.2d 498 (5th Cir. 1949); Howard v. Louisiana & A. Ry., 49 F.2d 571 (5th Cir. 1931).

■■ Plainly what the parties meant by the language of the contract was uncertain and at the heart of this controversy; just as plainly, this was the very issue presented to the jury through special interrogatories. On the record before us, there is certainly ample evidence from which the jury could conclude that the contract between Dobson and Masonite was for the rendition of services, rather than for the sale of standing timber. In drawing the ultimate conclusion as to the meaning of the parties, we believe the jury was fulfilling its traditional function as the finder of the facts. See Byrd v. Blue Ridge Rural Elec. Co-op., 356 U.S. 525, 537, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958); Wright v. Paramount-Richards Theatres, Inc., 198 F.2d 303 (5th Cir. 1952); Howard v. Louisiana & A. Ry., supra.

The district court, apparently because there was no dispute regarding the existence of the oral contract or its terms, felt that only a legal question, what was the

2. The special interrogatories and the jury's answers thereto read as follows:
    (1) Was the agreement of March 1, 1963, between Dobson and West for Masonite one:
        (a) Solely and alone for a service to be performed by Dobson to lands of Masonite by his salvage cuttings on its lands?
        Answer: (Yes or No)          <u>Yes</u>
           OR
        (b) In whole or in part for the sale by Masonite to Dobson of felled or standing timber on its lands?
        Answer: (Yes or No)          <u>No</u>
    (2) Could the plaintiff (Dobson) have completed the performance of the entire contract which he said was made with defendant (Masonite) on or before June 1, 1964?
        Answer: (Yes or No)          <u>Yes</u>

legal effect of the contract, was involved.[3] But "legal effect" is the result of applying rules of law to the facts; necessarily this determination must await a determination of all the facts. And, as we have stated, deciding what is the meaning of the contract is a question of fact.

 We are of the firm opinion that a factual question regarding what type of contract existed between the parties was presented to, and decided by, the jury. The record clearly contains substantial evidence in support of the jury's verdict. Therefore the district court erroneously entered judgment notwithstanding the verdict. We reverse that judgment and remand for reinstatement of the jury's verdict.

Reversed and remanded with directions.

3. Corbin points out the importance of the distinction between "legal effect" and "interpretation" at 3 Corbin, Contracts Section 554 (1960).