**ZELL INSURANCE AGENCY, INC.** and Harold E. Zell, Appellants,

v.

**GUARANTY SECURITY INSURANCE COMPANY, Appellee.**

No. 25312.

United States Court of Appeals Fifth Circuit.

July 29, 1968.

Rehearing Denied Sept. 4, 1968.

Albert Fendig, Brunswick, Ga., for appellants.

Thomas E. Dennard, Jr., Brunswick, Ga., for appellee.

Before TUTTLE and DYER, Circuit Judges, and MEHRTENS, District Judge.

MEHRTENS, District Judge:

The defendants below appeal from an order denying their motion for summary judgment, granting plaintiff-appellee's motion for summary judgment and entering judgment in favor of plaintiff as to Count One of its complaint.

From the undisputed facts it appears that the plaintiff, Guaranty Security Insurance Company (hereinafter Guaranty), entered into a contract with Zell Insurance Agency, Inc., (hereafter Zell) whereby Zell would sell certain types of insurance policies for Guaranty. On October 3, 1961, Zell sold a fire insurance policy to Whittle Furniture Company for a term of five years with premiums payable annually. On November 27, 1963, Guaranty informed Zell by letter of its intention to terminate their relationship.[1] Thereafter, on September 3, 1964, Guaranty wrote Zell regarding the policy upon which a loss was later sustained as follows:

> * * * the policy has an anniversary date [October 3] as shown. As outlined in the previous correspondence, it is necessary that you replace this policy with other of your companies on such anniversary date. This can be done * * * without penalty to the insured. We will anticipate prompt receipt of evidence of cancellation of our policy and if not received within fifteen (15) days of anniversary date, we will assist you by mailing direct notice of cancellation so that further earned premiums will not accrue.

Neither Guaranty nor Zell effected cancellation of the policy prior to a loss which was sustained October 15, 1964. Guaranty paid the loss and sued Zell and Harold E. Zell for indemnity on the agency contract which provided that upon Guaranty's request Zell would immediately effect cancellation of any policy and upon failure to do so would pay Guaranty for any loss or damage caused thereby.[2]

The order appealed from states "that there is no genuine issue as to any material fact and that [Guaranty] is entitled to a judgment as a matter of law. * * *" Thus, the holding below is that the written documents involved are clear and unambiguous and that the question whether they constitute a request to cancel is one of law. The Court erred, however, since Guaranty's case "turns upon the proper conclusions to be drawn from a series of letters * * * of a commercial character, taken in connection with other facts and circumstances * * *,"[3] and thus contained important factual issues that made Guaranty's claim unfit for summary judgment. Guaranty claims it requested Zell to cancel the policy and that Zell, having failed to do so, is responsible for

---

1. The part of the letter pertinent here reads: "Under the circumstances, we will have to terminate the agency representation * * * and no further policies, new or renewal, are to be issued. Any fire or homeowners policies may be continued until the next anniversary date * * * and you should arrange for other companies * * * to pick up the [aforesaid policies] at anniversary * * * [and upon advising us of doing so], we will * * * indicate our approval to the rating bureau."

2. Paragraph 13 of the contract reads: The agent shall immediately upon being requested to do so by the Company or General Agent, effect cancellation of any policy or binder issued by him, procure the surrender thereof by the Insured and transmit the same to the Company or the General Agent without delay, and upon failure to do so shall reimburse or indemnify the Company or the General Agent for any loss or damage caused thereby. This obligation shall continue as long as any policy of insurance or binder issued by the Agent remains in effect, irrespective of whether the Agent's authority to accept risks, countersign and issue policies hereunder has been terminated or revoked.

3. Rankin v. Fidelity Insurance, etc., 189 U.S. 242, 23 S.Ct. 553, 47 L.Ed. 792 (1903).

the company's loss. The entire question is what Guaranty intended and what Zell understood from the letters of November 27, 1963, and October 3, 1964. This involves an interpretation of what was meant by the terms of the letter, and "[i]nterpretation is always a question of fact." Dobson v. Masonite Corporation, 359 F.2d 921, 923 (C.A.5, 1966). The Court in *Dobson* said that before deciding the "legal effect" of a contract, the Court must allow the factfinder to determine its meaning. Id., at 924. Thus it was error to grant Guaranty's motion for summary judgment since there existed a genuine issue as to material facts. Rule 56(c), Fed.R.Civ.P.

The question presented by Zell's motion for summary judgment is quite different. Zell's position is that it is immaterial what Guaranty intended by the letters, because the letters are legally insufficient to shift the loss from Guaranty to Zell for failure to cancel. Thus, Zell seeks to avoid the factual questions inherent in determining intent.

Paragraph 13 of the contract plainly calls for Zell, on Guaranty's request, to cancel a policy, to procure surrender thereof, and to transmit same to the company. The paragraph does not contain provisions for the form or content of a request, and the burden is on the plaintiff Guaranty to show that a sufficient request was made. We hold here that Guaranty's letters were not sufficient, regardless of whether Guaranty intended them to be. There is no need to particularize what ideally should have been communicated. We need only point to the second letter's wording that if Zell did not cancel the policy, Guaranty would "assist * * * by mailing direct notice of cancellation. * * *" A "request" of the agent to cancel containing this reservation is not sufficient to shift the responsibility for a loss occasioned by non-cancellation from the company to the agent. By its own terms, Guaranty's "request" assured Zell not to worry about effecting cancellation since Guaranty would *do so in any event.* The letter gave no indication that Zell would be responsible under the contract for any loss on the policy after its premium anniversary if Guaranty failed to cancel as it said it would. There being no request sufficient to invoke the provisions of paragraph 13, no contractual liability exists on which Zell may be liable to Guaranty for the loss. Accordingly, the defendant's motion for summary judgment should have been granted and judgment entered thereon.

Reversed and remanded for proceedings not inconsistent with this opinion.