BOWLING, Justice, for the Court:
Appellant Home Life Insurance Company brings this appeal from the Circuit Court of *357 Leake County where a jury verdict and judgment thereon was entered for appellee Mary Joyce Chandler (plaintiff below) in the sum of $9,999.00.
Appellee’s alleged claim was for benefits due because of the death of her husband, Clyde C. Chandler. The deceased at the time of his death and prior thereto was an employee of Olen Burrage Trucking, Inc., whose home office was in Philadelphia, Mississippi. The principal business of this company was operating transportation trucks with Chandler being one of the drivers. As of May 31,1972, appellant Home Life issued to Chandler’s employer, Olen Burrage Trucking, Inc., a policy of insurance to cover hospital, medical, death and other incidental benefits by employees of Burrage.
Chandler died on June 23,1978. Appellee filed a claim for death benefits allegedly due under the group policy. Appellant denied that appellee’s claim was within the terms of the group policy and affirmatively alleged that the claim was specifically excluded for reasons hereinafter set out. The death benefit, if owed, was in the sum of $10,000. Appellee filed her suit in the Circuit Court of Leake County for $9,999. The jury returned a verdict in the latter amount and a judgment was entered thereon.
Appellant assigns a number of alleged errors on appeal. It is necessary to consider only one assignment, as it disposes of the appeal. This contention is that at the conclusion of all the evidence the lower court should have granted a peremptory instruction. We are forced to agree with this contention and to reverse and render judgment here for appellant.
The affirmative defense of appellant was that the application of Chandler to come under the group policy was made more than thirty-one days after his employment with Burrage and that he could not have been eligible for coverage under the policy without furnishing evidence of insurability. This required evidence would have been in the form of a medical examination and a form completed by a physician of Chandler’s choice.
Witness Mrs. Beverly Durant was the employee of Burrage who handled the group insurance coverage for her employer. She had been doing this for approximately two years and the insurance work consumed approximately one day each week. Prior to Mrs. Durant handling the insurance matters, it was done by Mrs. Olen Burrage. Mrs. Durant testified that she did not know about the so-called “late entrant” requirements and she thought that the only requirement was a waiting period of thirty days after an employee applied, regardless of the length of prior employment.
Chandler came to the office on April 15, 1978, and completed a “group insurance enrollment card” with the assistance of Mrs. Durant. Under the information requested as to “date of permanent full-time employment” there was inserted the date of “4/15/78.” Mrs. Durant testified that she informed Chandler on that date that he would have to wait thirty days. The enrollment card reveals that it was signed on May 15, 1978, and it was Mrs. Durant’s opinion that she was then obligated to forward the card to the appellant who would then include Chandler as a covered employee. This was done and a certificate was returned to be attached to policy coverage information and delivered to Chandler. Pursuant to the information on the enrollment card, appellant enrolled Chandler as a covered employee and Chandler admittedly received the coverage information booklet.
The group policy, in describing Burrage’s employees who could elect to be covered under the policy, provided that any employee could be covered but that:
(c) If such request is made by the employee more than thirty-one days after he becomes eligible or is made after previous termination of his insurance because of failure to make a required contribution, the employee must furnish, at his own expense, evidence of his insurability. If such evidence is submitted, his insurance for which he is then eligible shall become effective on the date Home Life approves the employee’s evidence of insurability.
*358 The coverage information given to the employee who applied for such coverage, including Chandler, expressly set out the above requirement. It was stipulated that Chandler had been employed more than thirty-one days prior to April 15, 1978. In fact, the proof shows that he had worked continuously since August 1976 and for various periods of time prior to that date.
Chandler’s physical condition at the time the enrollment card was executed is undisputed. For many years he had had a serious heart condition and had had a bout with malignancy and operations for that ailment. His health, unfortunately, was extremely bad. He had been plagued by high blood pressure for a long period of time. On April 7, 1978, shortly prior to completing the enrollment card, there was a growth removed from Chandler’s back which proved to be malignant.
We think it appropriate to state that had Chandler started to work and begun his employment with Burrage on April 15, 1978, the date placed on the enrollment card, he would have received full coverage and full benefits under the group policy regardless of his physical condition. The sole question as hereinbefore stated is that due to the fact he had been employed more than thirty-one days, he could not be covered without evidence of insurability under the terms of the policy.
Appellee contended below and contends here that Mrs. Durant [the employer’s representative] was acting as agent of appellant Home Life and that the action of Bur-rage through Mrs. Durant was binding on appellant. Appellant contends that Bur-rage was not its agent, but on the other hand Burrage was required to follow the instructions and directives of appellant in regard to enrolling employees under the group plan.
The threshold question therefore appears to be whether or not as a legal proposition the employer under the group plan, such as the one involved here, is an agent of the insurance company and can waive or alter coverage requirements, as the one involved in this appeal. Research reveals that there is a diversity among jurisdictions on this agency question. The majority of jurisdictions appear to hold that the employer is not the “agent” of the company. There are a number of jurisdictions in the minority that hold the employer is the agent of the company and any action of the employer binds the company. It appears that this Court has never spoken directly to this legal question, although several cases have touched on the subject. We find that it is not necessary to reach a definite decision on this question on the appeal before us. As is usually the case, such questions are considered on a case by case basis because of the wide divergence of facts in each case. In our opinion the evidence in the record before us is sufficient to require a holding that Chandler did not become a covered employee and it was against the overwhelming weight of the evidence for the lower court to fail to grant appellant a peremptory instruction.
As hereinbefore stated, Mrs. Durant denied any knowledge of Burrage Trucking Company through her of the late entrant requirement. Appellant introduced the testimony of witness Michael Duran. He was a senior group underwriter for appellant and testified in detail regarding the type of policy in question and the manner in which it operated through the various covered employers and their employees. The policy in question was one where the employees made a contribution along with the employer. He testified that the employer Burrage was fully advised as to the late entrant requirement and why this requirement is placed in such policies. The employees contributed approximately sixty percent of the premium and the premium at the end of each year was reevaluated according to the loss experience. The employees who were covered properly should not have to be exposed to a loss that did not fall within the terms of the policy. Duran further testified the company had notified Burrage of the late entrant requirement in 1976 concerning two employees. At that time, according to Mrs. Durant, Mrs. Burrage was handling the insurance. Mrs. Burrage did *359 not testify and her knowledge about this provision is not shown in the record. We have only the statement of Mrs. Durant that Mrs. Burrage did not tell her about the requirement on employees already working more than thirty-one days. Of course, the reason for the requirement is obvious. It is to prevent exactly what happened here. We have all possible sympathy for Chandler and his widow, but the requirement we are talking about is to prevent an employee, who has not seen fit to contribute his portion of the premium and come under the group plan during the course of his employment and then decides to do so after his health condition develops into that of Chandler at the time he enrolled. As heretofore stated a new employee could enroll within thirty-one days, even if his health was in the same condition as Chandler’s.
Mr. Duran’s testimony is clear in the record and evidences forthright information regarding the operation and method of handling group insurance policies and claims. His explanation as to why this particular claim was not covered under the policy is clear and without any conflict. It is possible that the jury’s verdict was influenced in part by the trial judge stating before the jury during Duran’s testimony that he had “listened to testimony I do not believe.” Of course, it is not necessary to discuss the impropriety of a trial judge doing such, although without objection.
After Chandler’s death on June 23, 1978, the first premium for him being included under the policy was forwarded to the company on July 25, 1978. This premium was returned upon the company’s representative learning of the violation of the late entrant requirement. On July 21, 1978, a claim form under the signature of Brenda Johnson, bookkeeper, was completed and this form showed April 15, 1978, as Chandler’s “date employed.” On September 6, 1978, another claim form was prepared by the above mentioned Mrs. Durant and it showed the date employed as April 15,1978.
As heretofore stated, the primary question is whether or not the admitted act of the employer in erroneously completing the enrollment card was binding on appellant. Research reveals divided authority on the question of the extent of the agency relationship between the insurer and the employer in employee group insurance policies. We emphasize that we do not make that decision here, as it is not necessary to do so in this appeal. We think, however, that we should point out the contentions of the parties on this question. The basic case on the admitted now majority rule that the employer is not the insurer’s agent is set out in Boseman v. Connecticut General Life Ins. Co., 301 U.S. 196, 57 S.Ct. 686, 81 L.Ed. 1036 (1937), where the Supreme Court stated as follows:
When procuring the policy, obtaining applications of employees, taking payroll deduction orders, reporting changes in the insured group, paying premiums and generally in doing whatever may serve to obtain and keep the insurance in force, employers act not as agents of the insurer but for their employees or for themselves.
The above pronounced principle has been adopted in various jurisdictions appearing to be in the majority. A number of states, however, have affirmatively held and have given good reasons therefor that the employer in doing the insurer’s work is acting as the insurer’s agent and the insurer waives any erroneous action by the employer. Elfstrom v. New York Life Ins. Co., 67 Cal.2d 503, 63 Cal.Rptr. 35, 432 P.2d 731 (1967).
Other states following the California Court in adopting the so-called minority rule include: Colorado, Georgia, Illinois, Iowa, Louisiana, Nebraska, Oklahoma, South Carolina, Texas, West Virginia, and Alabama.
The principal Mississippi case touching on the legal issue being discussed is Magee v. Sun Life Assurance Co., 182 Miss. 287, 180 So. 797 (1938). A close examination of that case, however, reveals that as in almost all cases involving such questions, a distinction may be drawn. In Magee the Illinois Central Railroad Company carried a group policy with Sun Life Assurance Company with both disability and life benefits. Magee *360 was an employee who enrolled under the group policy. Magee died and his widow called on the assurance company to pay her the $2,000 in death benefits. The opinion states that this claim was made against Zurich’s General Accident and Liability Insurance Company, but does not explain understandably the reason for the different companies. Magee had become ill several months prior to his death and was no longer carried by the Illinois Central Railroad Company as an employee. Magee’s widow contended that Magee had tendered the premium to the railroad company, who refused to accept it; therefore, the insurer was bound. During the course of the opinion the court did say that “the assurance company did not look to him [Magee] for the payment of the premium, but to the railroad company, between whom no relation of principal and agent exists, and the assurance company was obligated to accept premiums when, but not unless, tendered it by the railroad company, and had the right to cancel the insurance when notified by the railroad company so to do.” When analyzed with the rest of the opinion, we do not find that this is a positive holding that this jurisdiction under a proper case would follow the majority rule set out above.
This Court has held that a bank or other similar agent under a policy of credit life insurance is the agent of the company. Again, it is clear that the reason for this is that the insurer makes the lending institution its agent and empowers that institution with all elements of agency that binds the insurer. Gulf Guaranty Life Ins. Co. v. Kelley, 389 So.2d 920 (Miss.1980); Seymore v. Greater Miss. Life Ins. Co., 362 So.2d 611 (Miss.1978); and Gulf Guaranty Life Ins. Co. v. Middleton, 361 So.2d 1377 (Miss.1978).
As stated, we are of the opinion that it is not necessary for this Court now to make a choice between the opposite position held by the various states on the question being discussed. We are of the opinion that each case should stand on its own base. The facts of all are different. In the present case, there is practically no dispute as to what occurred. Admittedly, the deceased did not conform to the “late entrant” requirement of the group policy. The reason for that requirement as hereinabove stated is obvious. The testimony is uncontradicted that proper instructions for enrolling employees were furnished the employer. There had been two instances of late entrants that had been called to the employer’s attention. The only explanation given by the employer’s employee, who handled the insurance, was that the requirement was unknown to her personally. This in our opinion is not sufficient to overcome the other positive and uncontradicted evidence. We therefore hold that the lower court was in error in failing to grant appellant a peremptory instruction for the reason that the evidence was not sufficient for the jury to find that the employer was an agent of the insurer clothed with the power to waive the late entrant requirement.
REVERSED AND JUDGMENT RENDERED HERE FOR APPELLANT.
PATTERSON, C. J., and SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and HAWKINS, JJ., concur.