George JONES, Plaintiff,

v.

**BENEFIT TRUST LIFE INSURANCE COMPANY, Defendant.**

Civ. A. No. S83–0606(R).

United States District Court,
S.D. Mississippi, S.D.

March 25, 1985.

Wynn E. Clark, Pascagoula, Miss., for plaintiff.

Raymond L. Brown, John M. Kinard, Pascagoula, Miss., for defendant.

## MEMORANDUM OPINION

DAN M. RUSSELL, District Judge.

This cause is presently before the Court on three motions. The defendant, Benefit Trust Life Insurance Company (Benefit Trust), has filed a motion for summary judgment. The plaintiff has filed a cross motion for summary judgment and a motion to strike certain affidavits accompanying the defendant's motion. The plaintiff's motion for summary judgment asks the Court to reconsider its previous denial of partial summary judgment on May 26, 1984. Fed.R.Civ.P. 54(b). After hearing

oral argument and after careful review of the court file, the briefs of both parties, the supporting affidavits, and all other attached material, the Court is now of the opinion that the plaintiff's motion for partial summary judgment should be granted.

## INTRODUCTION

The plaintiff brought this action for breach of contract and tortious breach of contract alleging that the defendant has failed to pay to the plaintiff proper disability benefits due under a group long term disability policy. The defendant counterclaimed for declaratory relief alleging that the sole dispute in this cause related to the parties' respective rights under the policy, a matter of contract interpretation for the Court.

The following facts appear without dispute. The plaintiff began employment with the Mississippi Chemical Corporation in 1961. On July 1, 1971, Mississippi Chemical Corporation employees became "insureds" under a group long term disability policy issued by the defendant. The plaintiff thus became an insured under that policy. Mississippi Chemical Corporation made all premium payments on behalf of their employees. In 1975 the plaintiff suffered a sickness within the meaning of the policy which resulted in the plaintiff's total disability. The insurance contract provides for monthly disability benefits on account of total disability resulting from a non-occupational injury or sickness. The plaintiff gave notice to the defendant of his claim and made demand for payment under the terms of the insurance contract.

In February, 1976, the plaintiff was awarded a Social Security disability benefit. The plaintiff's wife, Juanita Jones, was also awarded Social Security benefits in February, 1976. The plaintiff's children were awarded children's benefits in February, 1976, by the Social Security Administration. The benefits for the three children of George Jones were paid to Juanita Jones, as representative payee for the children. In computing the disability benefits payable to George Jones under Benefit Trust's long term disability policy, the defendant deducted the Social Security benefits awarded to the plaintiff, his wife and his children from the group long term disability benefits payable to the plaintiff.

At issue in this action is the contract provision upon which the defendant relies to deduct those amounts awarded by the Social Security Administration to the plaintiff's wife and children from the group long term disability benefits payable to George Jones. The plaintiff does not contest the offset of those amounts awarded to him by the Social Security Administration.

## THE LAW

█ Under Rule 56 summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Since the matter before the Court concerns the interpretation of a contract summary judgment is an appropriate remedy in this motion. *Strachan Shipping Co. v. Dresser Industries, Inc.,* 701 F.2d 483, 486 (5th Cir.1983); *Dobson v. Masonite Corporation,* 359 F.2d 921 (5th Cir.1966).

The pertinent contract provision of the master policy is the "Nonduplication of Benefits" provision which reads as follows:

The monthly benefits otherwise provided under this contract for any calendar month shall be reduced by any amount *paid or payable to the Insured* upon making proper claim therefor during the same calendar month from the following sources: (1) *Full* Social Security benefits provided under the Federal Social Security Act together with amendments thereto. * * * (emphasis added).

The plaintiff contends that since the above provision specifically and unambiguously allows an offset of those amounts paid or payable to the insured, any Social Security benefits paid or payable to the plaintiff's wife and children under the Social Security

Act were not and are not benefits paid or payable to the insured, George Jones.

 The defendant presents three arguments to the Court in support of their position. Firstly, the defendant contends that while it is true that the nonduplication of benefits refers only to an insured, the Social Security provision provides for an offset of *"Full* Social Security benefits". The defendant asserts that the only logical reason for use of the word "full" is to indicate all Social Security benefits from whatever source derived. The defendant, however, has admitted, and the plaintiff agrees, that the contract provision is unambiguous. Defendant's Brief in Opposition to Plaintiff's previous Motion for Summary Judgment, p. 3. The interpretation of an unclear, ambiguous contract generally involves questions of fact which preclude the granting of summary judgment. However, where the contract is unambiguous the contract interpretation becomes a matter of law. *Strachan Shipping Company, supra; First National Bank of Miami v. Insurance Company of North America,* 495 F.2d 519, 522 (5th Cir.1974); *Thornton v. Bean Contracting Co., Inc.,* 592 F.2d 1287, 1290 (5th Cir.1979). *See also Dobson v. Masonite Corporation,* 359 F.2d 921 (5th Cir.1966); *Dennis v. Searle,* 457 So.2d 941, 945 (Miss.1984). Given the fact that the contract is unambiguous, the Court is left to interpret the contract from the four corners of the instrument and the language appearing therein. *Smith v. First Federal Savings & Loan Ass'n,* 460 So.2d 786, 790 (Miss.1984). *Pfisterer v. Noble,* 320 So.2d 383 (Miss.1975).

 The Court has carefully reviewed the language of the contract in question. The disputed contract provision provides for a reduction in the monthly benefits by any amount paid or payable to the insured and makes no reference to the insured's dependents or family. Further, the Court cannot accept the argument that the word "Full" modifies "Social Security benefits" in such a way as to force the conclusion that the benefits paid or payable to the insured's dependents were includible in the offset calculation.

The defendant's second contention is that the plaintiff was aware of the insurance company's interpretation and inclusion of the insured's dependents' Social Security benefits as part of the offset amount. The defendant allegedly provided the plaintiff with a summary plan description which is a summary of the group long term disability policy in laymen's language. Specifically, the summary plan description provided in pertinent part as follows:

> Your LTD benefit will be coordinated with other disability income payments made to you during your period of disability. This means if you receive other income benefits because of your disability, your LTD benefit from this Plan may be reduced by the amounts you receive from other sources.
>
> Disability income benefits paid to you from the following may reduce your LTD benefit: * * *
>
> g. any disability or retirement benefits (Primary and *Family* Benefits) under the United States Social Security Act, ...

Summary Plan Description, p. 2. (emphasis added). Thus, the defendant contends that the plaintiff had before him the notice and knowledge that family benefits under the Social Security Act would also be subjected to an offset by the defendant.

 The Court believes that the plaintiff's primary argument adequately dispels the defendant's second contention. The plaintiff seeks application of the parol evidence rule. The parol evidence rule provides that "parol or extrinsic evidence is not admissible to add to, subtract from, vary or contradict ... written instruments which ... are contractual in nature and which are valid, complete, unambiguous and unaffected by accident or mistake." *Valley Mills, Div. of Merchants Company v. Southeastern Hatcheries of Mississippi, Inc.,* 245 Miss. 71, 145 So.2d 698, 701–2 (1962); *Freeman v. Continental Gin Company,* 381 F.2d 459 (5th Cir.1967). Mississippi recognizes three exceptions to the pa-

rol evidence rule: (1) extrinsic evidence will be admitted to show the intent of the parties if the contract is ambiguous or indefinite; (2) parol evidence of a distinct, valid, contemporaneous agreement between the parties, not reduced to writing is admissible if the evidence is not in conflict with the written agreement; and (3) if the written agreement by its own terms refers to discussions between the parties, those discussions are generally admissible. *Valley Mills, supra,* 245 Miss. at 79–82, 145 So.2d at 702–3.

■ The disputed contract before the Court is not ambiguous nor have there been any allegations of accident or mistake. The provision of the summary plan description which the defendant seeks to impose on the plaintiff was not a contemporaneous writing and there were no discussions between the plaintiff and defendant as to what the contract should contain. The contract also contains a merger clause [1] which provides that what is stated within the contract is the entire contract between the parties. In sum, the summary plan description contradicts the unambiguous contract and any consideration by the Court of the summary plan description violates the parol evidence rule. Therefore, the Court is inclined to disregard the language of the summary plan description.

■ The defendant's third and final contention relies upon a theory of agency for support. Benefit Trust Life Insurance Company contends that Mississippi Chemical Corporation was the plaintiff's agent for the purpose of securing the group insurance coverage. The defendant contends that Benefit Trust and Mississippi Chemical knew of and negotiated for the contract interpretation which allowed the Benefit Trust Life Insurance Company to deduct from the plaintiff's benefits those amounts payable to the plaintiff's wife and children by the Social Security Administration. Thus, the defendant asserts that that knowledge and those negotiations are imputed to the plaintiff as principal of Mississippi Chemical Corporation; the agent for the plaintiff for purposes of securing the group coverage. The defendant cites for authority *Home Life Insurance Co. v. Chandler,* 402 So.2d 356 (Miss.1981) and *Peel v. American Fidelity Assurance Co.,* 680 F.2d 374 (5th Cir.1982).

In *Chandler,* the Mississippi Supreme Court was faced with the issue of whether or not the employer under the group policy was an agent of the insurance company and whether the employer can waive or alter coverage requirements. The Court did not reach a definitive holding but instead took the position that "each case should stand on its own base." *Chandler, supra,* 402 So.2d at 360. The Court did, however, set out the majority rule which holds that the employer is not the insurer's agent. *Id.* at 359. *Citing Boseman v. Connecticut General Life Ins. Co.,* 301 U.S. 196, 57 S.Ct. 686, 81 L.Ed. 1036 (1937).

In *Peel v. American Fidelity Assurance Co., supra,* the plaintiff, a former school teacher, brought suit for the wrongful termination of her disability benefits. Prior to the plaintiff's disabling injury, American Fidelity and the Mississippi Education Association (MEA) changed the terms of the group policy. Mrs. Peel complained that she did not receive notice of a change which materially affected her coverage.

The Fifth Circuit found the key issue in this situation to be one of agency. "If the MEA was Mrs. Peel's agent when it negoti-

---

1. The merger clause, labelled as "ENTIRE CONTRACT; CHANGES" provides:

This Contract and the application of the Assured, and the individual applications, if any, of the Persons insured, shall constitute the entire contract between the parties, and all statements made by the Assured or any executive officer or trustee in behalf of the group to be insured, or by the individual Persons to be insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statements shall be used in defense to a claim under the contract unless it is contained in the written application. No change in this Contract shall be valid until approved by an executive officer of the Company and unless such approval be endorsed hereon or attached hereto. No agent has authority to change this Contract or to waive any of its provisions.

ated policy coverage, knowledge of the change in coverage was imputed to her as principal." *Peel, supra,* 680 F.2d at 377. The Court of Appeals found as a matter of law that the MEA acted as the plaintiff's agent in the negotiations concerning coverage, and analogized the relationship between the plaintiff and MEA to that of union member and union, "a relationship long described in terms of agency." *Peel, supra,* 680 F.2d at 378. The Fifth Circuit held that since the MEA was Mrs. Peel's agent, the MEA's knowledge of changes in the policy was imputed to the plaintiff, relieving American Fidelity of the duty to notify the plaintiff directly of policy changes. *Id.*

The Court cannot equate the facts of *Peel* with the facts *sub judice.* For instance, in *Peel* the plaintiff was part of the MEA, a voluntary association delegated the power to negotiate for their members. The plaintiff in the case at bar, as an employee of Mississippi Chemical Corporation, did not delegate his negotiating power. In fact, the plaintiff lacked the power to negotiate with Benefit Trust concerning his group long term disability policy. The negotiations were performed without any employee representation. The group long term disability policy was merely a benefit or inducement to an employee's employment. Furthermore, as the Fifth Circuit recognized the relationship between union member and union is one which has been traditionally described in terms of agency. The relationship between George Jones and Mississippi Chemical does not rise to the fiduciary level of responsibility which is so much a part of the union member and union relationship. *See e.g. Brink v. DaLesio,* 453 F.Supp. 272, 278 (D.C.Md.1978); 29 U.S.C. § 501(a).

Therefore, the defendant's argument that Mississippi Chemical Corporation was an agent of the plaintiff, and that the knowledge of the negotiations between Benefit Trust and Mississippi Chemical would be imputed to the plaintiff, must fail.

In conclusion, the defendant's motion for summary judgment is hereby DENIED.

The Court also dismisses the defendant's counterclaim for declaratory judgment. Instead the Court grants the plaintiff's motion for summary judgment and holds that the defendant was not, and is not entitled to an offset of all Social Security benefits paid to the plaintiff's wife and children against benefits otherwise due the plaintiff under the defendant's long term disability policy. In light of the foregoing, it is unnecessary for the Court to discuss the merits of the plaintiff's motion to strike.

The Court directs the parties to submit an Agreed Order setting out the total amount of Social Security benefits paid to the plaintiff's wife and children which offset and reduced the amount which the plaintiff was to receive under the group long term disability policy. An Order in accordance with this Opinion and the Local Rules should also be submitted.